## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-01827-PSF-MJW

RAY JARAMILLO,

      Plaintiff,

v.

REGIONAL TRANSPORTATION DISTRICT (RTD),

      Defendant.

---

### STIPULATED PROTECTIVE ORDER
( Docket N° 10 )

---

    Plaintiff Ray Jaramillo ("Jaramillo" or "Plaintiff") and Defendant Regional Transportation District ("RTD"), collectively referred to herein as the Parties, have stipulated to the terms of this Protective Order (hereinafter "Order"). This Order is designed to preserve the confidentiality of certain testimony given by Plaintiff and Defendant and certain information contained in documents produced by Plaintiff and Defendant pursuant to the terms of this Order.

    Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information, IT IS STIPULATED AND ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.     Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy interests, such as medical records, psychological records, confidential business records or trade secrets, and personnel information.  CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.  Information designated by a party as confidential must be reviewed by a lawyer, and the designation as CONFIDENTIAL must be based on a good-faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

4.     CONFIDENTIAL documents, materials, and/or information (collectively "Confidential Information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

(a)     attorneys actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c)     the parties, including designated representatives for RTD;

(d)     expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e)     the Court and its employees ("Court Personnel");

2

(f)     stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)     deponents, witnesses, or potential witnesses; and

(h)     other persons by written agreement of the Parties.

5.     Prior to disclosing any Confidential Information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.     Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.     Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The

3

written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating this information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9.      In the event any party desires to file a document, brief, memorandum, or any other paper with a court of competent jurisdiction that discloses any Confidential Information, or the substance thereof, that party shall give the other party at least 10 days' written notice before such filing is made. At that time, unless otherwise agreed to in writing by the parties, the party filing the Confidential Information will file a motion pursuant to D.C. Colo. L. Civ. R. 7.2 and 7.3 seeking leave of the Court to file the materials under seal. It is the wish of the Parties that all such material so filed shall be maintained by the clerk of the Court in the sealed envelope or container with the appropriate legend, or otherwise, and shall be released only upon Order of the Court.

10.    In the event any Confidential Information is used in any proceeding herein or any subsequent court proceeding, including deposition, subject to the rules of evidence, the Federal Rules of Civil Procedure, and any other applicable law, such information shall not lose its confidential status through such use, and the Parties shall take all steps reasonably required to protect the confidentiality of such information during its use.

11.    The provisions of this Order (and any supplements, amendments or modifications thereof) concerning the use and disclosure of Confidential Information and otherwise safeguarding the confidentiality of Confidential Information of the Parties shall continue in effect after the conclusion of this action.

12.    Nothing contained in this Order shall affect the rights, if any, of either party to make any other type of objection, claim or other response to any subsequent discovery request, subpoena, or any question at a deposition, nor shall this Order be construed as a waiver by either party of any legally cognizable privilege to withhold any document or information, or of any right which such Party may have to assert such privilege at any stage of the proceedings.

13.    This Order shall be binding upon the parties from the date of execution and has retroactive application.

14.    At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof that have been designated as CONFIDENTIAL shall be returned to the Party that designated it CONFIDENTIAL, or the Parties may elect to destroy CONFIDENTIAL documents after maintaining such for three (3) years.  Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming destruction.

5

15.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

16.     The Stipulating Parties, by their undersigned counsel, stipulate and consent to making an entry of this Order

Dated: October 23, 2006.

**REGIONAL TRANSPORTATION DISTRICT**

/s/ Jenifer M. Ross-Amato
Jenifer M. Ross-Amato,
*Associate General Counsel*
1600 Blake Street
Denver, CO  80202
Telephone:  (303) 299-2343
Email: jenifer.ross-amato@rtd-denver.com
*This document was filed electronically.  The original*
*document and signature are on file in the undersigned's office.*

ATTORNEYS FOR DEFENDANT REGIONAL
TRANSPORTATION DISTRICT

**GENET & MARTINEZ, P.C.**

/s/ Michael R. Meaux
Michael R. Meaux
Leonard A. Martinez
Genet & Martinez, P.C.
2500 18th Street, Suite 100
Denver, CO 80211
Telephone: (303) 623-3300
Email: mmeaux@genet-martinez.com
*This document was filed electronically.  The original*
*document and signature are on file in the undersigned's office.*

ATTORNEYS FOR
PLAINTIFF RAY JARAMILLO

6

Dated this 24th day of October, 2006.

BY THE COURT:

United States District Court Magistrate Judge

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO